UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW S. ANDERSON, Ph.D., M.D. | : |
| | : |
| v. | : CASE NO. 1:05CV01342 |
| | : |
| RELIANCE STANDARD LIFE | : |
| INSURANCE COMPANY | : |

**ANSWER TO COMPLAINT
WITH AFFIRMATIVE DEFENSES**

Defendant, Reliance Standard Life Insurance Company ("Reliance Standard"), hereby answers plaintiff's complaint and asserts affirmative defenses as follows:

1. Admitted.

2 – 5, inclusive. Admitted.

6. Denied as stated. It is admitted only that while he was a full-time employee of Medical Faculty Associates, Inc. and otherwise met the eligibility requirements, Dr. Anderson was insured under the subject policy.

7. Admitted in part and denied in part. It is denied that Reliance Standard has a home office in Chicago, Illinois. Its home office is located in Philadelphia, Pennsylvania. The remaining averments in this paragraph are admitted.

8. Admitted upon information and belief.

9. Denied as stated as plaintiff has not identified each of the injuries alleged in this paragraph. It is admitted only that plaintiff has been diagnosed with reflex sympathetic dystrophy.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

1178767 v.1

11. Denied as stated. It is specifically denied that plaintiff remained totally disabled.

12. Denied.

13 – 14. Admitted.

15. Admitted in part and denied in part. It is admitted only that on April 21, 2004, Reliance Standard terminated disability benefits. The remaining averments in this paragraph are denied.

16 – 17, inclusive. Admitted.

18. Denied as stated. It is admitted only that plaintiff has exhausted his administrative reviews as required under ERISA.

## Count I

19. Defendant incorporates herein by reference its answers to paragraphs through 18 of the complaint as though the same were set forth here in full.

20. Admitted.

21 – 23. Denied.

24. Denied.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

## Affirmative Defenses

1. Plaintiff's claims are governed by ERISA.

2. Plaintiff is not entitled to a jury trial under ERISA.

3. At the time benefits were discontinued, plaintiff was not totally disabled.

4. Plaintiff failed to sustain his burden of proving a total disability at the time benefits were discontinued.

5. The decision to deny further benefits was neither arbitrary nor capricious.

6. Substantial evidence supports Reliance Standard's decision that plaintiff was no longer totally disabled.

7. Plaintiff's complaint fails to state a claim against Reliance Standard.

8. No benefits are owed under the terms of the subject plan.

WHEREFORE, defendant Reliance Standard Life Insurance Company denies liability to plaintiff and requests that the court enter judgment in its favor affirming the denial of benefits and awarding to defendant its fees and costs together with such other equitable relief that the court deems fair and just.

        Respectfully submitted,

        TAYLOR SYLLA & AGIN, LLP


        _____/s/_____
        Jean-Marie Sylla, Jr., D.C. Bar No. 469371
        1220 Nineteenth Street, N.W.
          Suite 501
        Washington, DC 20036
        (202) 689-8990
        (202) 689-8998 (fax)

## **CERTIFICATE OF SERVICE**

I HEREBY certify that a true copy of the foregoing was; mailed, postage prepaid, on this 28th day of July, 2005 to:

>Dawn E. Boyce, Esquire
>Trichilo, Bancroft, McGavin, Horvath
>  && Judkins, P.C.
>3920 University Drive
>Fairfax, VA 22030-0022
>*Counsel for the Plaintiff*

>_____
>Jean-Marie Sylla, Jr.

5

Case 1:05-cv-01342-PLF     Document 2     Filed 07/28/2005     Page 5 of 5