IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREW S. ANDERSON, Ph.D., M.D. | : | |
| | : | |
| v. | : | CASE NO. 1:05CV01342 |
| | : | |
| RELIANCE STANDARD LIFE | : | |
| INSURANCE COMPANY | : | |

## REPORT TO COURT FOR INITIAL SCHEDULING CONFERENCE

Pursuant to Fed. R. Civ. Pro. 26(f) and LCvR 16.3(c) and (d), and this Court's Order for Initial Scheduling Conference, the parties report to the Court as follows:

Statement of the Case: Plaintiff Andrew Anderson was employed as an anesthesiologist at Medical Faculty Associates, Inc. in Washington, D.C. He was covered by the organization's ERISA long-term disability plan (defendant 'Plan"). The Plan was insured by Defendant Reliance Standard Life Insurance Company. Plaintiff Anderson allegedly became disabled as a result of a motorcycle accident on or about April 10, 1999. Reliance terminated benefits under the Plan on April 21, 2004, after the determination was made that Plaintiff Anderson was not totally disabled under the terms of the Plan.

1. Likelihood of Dispositive Motions: Defendant Reliance intends to submit a dispositive motion. Plaintiff Anderson seeks to conduct some discovery and believes that dispositive motions may be possible at some point.

2. Joinder of Parties, Amendments of Pleadings, Stipulations as to Facts and Law: All parties have been joined, and no party anticipates the amendment of any pleading. The parties should be able to narrow the factual and legal issues, once the preliminary Motions have been resolved. However, the parties reserve the right to join any additional parties by October 13, 2005.

3. <u>Magistrate Judge:</u> The parties do not object to assignment to a Magistrate Judge for purposes of resolving their discovery disputes.

4. <u>Possibility of Settlement:</u> There may be a realistic possibility of settling the case; however, the parties have not yet discussed settlement.

5. <u>ADR Options:</u> Because the case is viewed differently by the parties it is believed that ADR only would be appropriate after resolution of any Motions. However, the parties believe they may benefit from a neutral evaluation.

Because settlement would be unlikely before the resolution of the discovery and the standard of review motions, there would be no savings from a stay of discovery.

6. <u>Dispositive Motions:</u> Defendant opposes discovery in this matter and Plaintiff intends to serve discovery in this matter. Defendant reserves the right to file a motion not to allow discovery. The parties propose the following schedule:

>March 17, 2006:  Discovery Closes
>
>April 17, 2006: Dispositive Motions Deadline

7. <u>Modification of Initial Disclosure Requirements:</u> The parties do not require any changes to the schedule for initial disclosures.

8. <u>Extent of Discovery:</u>  As explained above, Defendant does not believe discovery is appropriate in this action. Plaintiff Anderson believes that discovery is necessary and appropriate and proposes that if discovery is allowed that interrogatories be limited to 25 and depositions limited to five (5) in number per party. The parties also reserve the right to propound Request for Production of Documents and Requests for Admissions.

9. <u>Expert Reports:</u> To the extent that experts are identified the parties will provide disclosures under Rule 26(a)(1), unless waived in writing by both parties. The parties do

not believe expert testimony will be required unless the Court wishes to hear from the medical professionals who have opined on the question of Plaintiff Anderson's condition. Plaintiff reserves the right to depose the physicians opining on Plaintiff's condition. All depositions, if any, should be taken by March 17, 2006.

    10. Class Action: This is not a class action.

    11. Bifurcation. As noted, the parties believe that the issues of whether discovery will be allowed, and the appropriate standard of review are properly resolved in accordance with the above timetable.

    12. Pre-Trial Conference: The parties do not believe a pre-trial conference is necessary or required.

    13. Trial Date: Trial shall be held within 30 to 60 days after the court rules on the dispositive Motion.

    14. Other Matters: There are no other matters.

Dated: _____

_____
Jean-Marie Sylla, Jr., Esquire D.C. Bar No. 469371
Taylor Sylla & Agin, LLP
1220 Nineteenth Street, NW
 Suite 501
Washington, DC 20036
(202) 689-8990
*Plaintiff for Defendant Reliance*


_____
Dawn E. Boyce, Esquire, D.C. Bar No. 440010
Trichilo, Bancroft, McGavin, Horvath
   & Judkins, P.C.
3920 University Drive
Fairfax, VA 22030-0022
*Counsel for the Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREW S. ANDERSON, Ph.D., M.D. :
:
    v. : CASE NO. 1:05CV01342
:
RELIANCE STANDARD LIFE :
INSURANCE COMPANY :

## ORDER

WHEREAS, the parties have met and conferred, and upon consideration of the parties' proposed schedule for discovery, it is this _____ day of _____, 2005, hereby:

ORDERED that the following schedule apply to the instant matter:

    March 17, 2006:  Discovery Closes

    April 17, 2006: Dispositive Motions Deadline

    Trial within 30 to 60 days after ruling on the dispositive motion.

And further ORDERED that _____

_____

_____

_____

                                                                               _____
                                                                               Judge

cc:

Jean-Marie Sylla, Jr., Esquire
Taylor Sylla & Agin, LLP
1220 Nineteenth Street, NW
 Suite 501
Washington, DC 20036

Dawn E. Boyce, Esquire, D.C. Bar No. 440010
Trichilo, Bancroft, McGavin, Horvath
   & Judkins, P.C.
3920 University Drive
Fairfax, VA 22030-0022