## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

ANDREW S. ANDERSON, Ph.D., M.D.   :
                                :
       v.                        :   CASE NO. 1:05CV01342 (PLF) (DAR)
                                  :
RELIANCE STANDARD LIFE   :
INSURANCE COMPANY   :

### DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Reliance Standard Life Insurance Company, by and through its undersigned counsel, hereby moves for a protective order, pertaining to Plaintiff's Notice of Deposition of Charles H. Honner, M.D. and Karen McGill. In support of this motion, Reliance Standard incorporates its supporting memorandum of law, which is being filed simultaneously herewith.

TAYLOR, SYLLA & AGIN, LLP


BY: _____/s/_____
      Jean-Marie Sylla, Jr.
      D.C. Bar No.: 469371
      Attorneys for Defendant
      Reliance Standard Life Ins. Co.
      1220 Nineteenth Street, NW
        Suite 501
      Washington, DC  20036
      Telephone: 202.689.8990
      Facsimile: 202.689.8998

Date: March 10, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ANDREW S. ANDERSON, Ph.D., M.D.     :
                                    :
            v.                      :
                                    :  CASE NO. 1:05CV01342 (PLF) (DAR)
RELIANCE STANDARD LIFE              :
INSURANCE COMPANY                   :

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

I.    Introduction

Plaintiff was employed by Medical Faculty Associates, Inc. (MFA) until he became injured in a motor vehicle accident and made a claim for long term disability benefits under MFA's employee welfare benefit plan. There is no dispute that the Plan, which is insured by Reliance Standard Life Insurance Company (Reliance Standard), is governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.* See Pl.'s Compl. ¶ 1. Plaintiff received benefits for a period of time before Reliance Standard determined that he was no longer totally disabled and discontinued paying benefits. This lawsuit involves the parties' dispute over the decision to discontinue benefits. The instant motion involves the parties' dispute over plaintiff's notice of depositions and the fact that the depositions sought by plaintiff are not permitted in ERISA actions.

Discovery in this matter ends on March 17, 2006. On February 21, 2006, plaintiff unilaterally noticed the depositions of Charles H. Bonner, M.D. for March 6, 2006 and Karen McGill for March 9, 2006, two dates on which counsel for Reliance Standard was not available. A copy of the Notice of Deposition Duces Tecum of Dr. Bonner is

attached as Exhibit "A." A copy of the Notice of Deposition of Karen McGill is attached as Exhibit "B." The depositions were cancelled to provide Reliance Standard an opportunity to seek a protective order.

As explained below, the depositions are not proper because review is limited to the Administrative Record that was before Reliance Standard when it made its final benefit determination. Moreover, the notice, scheduling the deposition of Dr. Bonner in the District of Columbia was improper because Dr. Bonner is not an employee of Reliance Standard and can only be compelled to testify through a subpoena. Further, his testimony is irrelevant. Finally, even if discovery is permissible, and Reliance Standard maintains that it is not, then the deposition of Ms. McGill would have to take place in Philadelphia, Pennsylvania.

II.    Reliance Standard's policy

Before addressing the arguments outlined above, Reliance Standard must address the authenticity of the policy at issue. In response to Reliance Standard's good faith effort to resolve this discovery dispute, plaintiff questioned the authenticity of the policy because an earlier, version of the policy was contained in the Administrative Record. This issue was promptly addressed when Reliance Standard realized the error and provided plaintiff's counsel with a correct copy of the policy. This issue has no bearing on this Motion or the ultimate question of the benefit determination.

The earlier and current versions of the policy are not significantly different. Both versions grant discretion to Reliance Standard to interpret the terms of the policy and to make benefit eligibility determinations regarding claims of Total Disability. The submission of the wrong version of the policy was clearly an oversight, which resulted in

2

no prejudice to plaintiff and did not demonstrate any procedural irregularity which should alter the deferential standard of review discussed below and the applicable scope of discovery.

III.    Discovery limitations under the Standard of Review applicable to Reliance Standard's benefit determination

      The scope of discovery is directly linked to the applicable standard of review that will be applied to Reliance Standard's benefit determination. The policy provides:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

See policy, p. 6.0, a copy of which is attached as Exhibit "C."

      Because the Plan grants discretion to Reliance Standard to determine eligibility for benefits and/or to construe the terms of the plan, the abuse of discretion standard is applied. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Under the abuse of discretion standard, the decision of the fiduciary is reviewed for reasonableness. *See Block v. Pitney Bowes, Inc.*, 952 F.2d 1450, 1452 (D.C. Cir. 1992); *Donovan v. Carlough*, 576 F.Supp. 245, 249 (D.D.C. 1983), *aff'd*, 753 F.2d 166 (D.C. Cir. 1985). Further, under this standard, the Court is limited to the evidence before the Plan at the time of its decision. *See Hunter v. Metro Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615 (D.D.C. August 9, 2002). *See also See e.g. Abromitis v. Continental Casualty Co./CAN Insurance Co.*, 261 F. Supp. 2d 388 (W.D.N.C. 2003) (refusing to allow discovery even into the issue of a conflict of interest, where the insurer was also the decision maker); *Hall v. Standard Ins. Co.*, 2005 WL 348266 (W.D.Va. February 10,

3

2005) (refusing to allow additional discovery because review is limited to the Administrative Record). *See also Sheppard v. Enoch Pratt Hosp., Inc. v. Travelers Ins. Co.*, 32 F.3d 120 (4th Cir. 1994). The district court cases from the Fourth Circuit cited above limited the review to that evidence before the fiduciary at the time it issued its determination based on the abuse of discretion standard of review. That same standard is applied in this Circuit as is the limitation to the record. *See Hunter v. Metro Life Ins. Co.*, 2002 U.S. Dist. LEXIS 26615.

In *Hunter*, the court stated that under deferential review, evidence is limited to what was before the claim administrator or fiduciary at the time it rendered its decision. *Id.* at *4. In reaching this decision, the Court quoted from *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975, 982 (7th Cir. 1999), as follows:

> It follows form the conclusion that review of [the insurer's] decision is deferential that the district court erred in permitting discovery into UNUM's decision-making. There should not have been any inquiry into the thought processes of UNUM's staff, the training of those who considered [the] claim, and in general who said what to whom within [the insurance company] – all of which [the claimant] was allowed to explore at length by depositions and interrogatories and on some of which the district judge relied. **Deferential review of an administrative decision means review on the administrative record.** We have allowed parties to take discovery and present new evidence in ERISA cases subject to *de novo* judicial decisions, . . ., but never where the question is whether a decision is supported by substantial evidence, or is arbitrary and capricious.

(emphasis added). Based on this authority, additional evidence in not to be considered and plaintiff's notices of deposition are therefore improper.

4

IV.    The deposition of Dr. Bonner was improperly noticed

The notice of deposition of Dr. Bonner is improper for an additional reason. Dr. Bonner, is not employed by Reliance Standard. He was consulted for the limited purpose of providing an independent evaluation. He is not a party to this lawsuit.

Rule 30(a)(1) of the Federal Rules of Civil Procedure provides:

> A Party may take the testimony of any person, including a party, by deposition upon oral examination, without leave of court except as provided in paragraph (2). *The attendance of witnesses may be compelled by subpoena as provided in Rule 45.*

The testimony of Dr. Bonner may not be compelled through a notice of deposition.

Moreover, the testimony of Dr. Bonner is irrelevant. *See e.g. Abromitis*, 261 F. Supp. 2d at 390. In *Abromitis*, the Court denied the plaintiff's motion to compel discovery, noting that it is not the decision of the independent consultant that the court is reviewing, but rather the decision of the fiduciary. *Id.* at 390. The Court may review the report of the independent physician, when considering whether the benefit determination is reasonable; however, the report is a part of the Administrative Record. *See Id.* at 390. Additional discovery is not proper. *See Id.*

V.    The deposition of Karen McGill

Reliance Standard disputes that any depositions should be allowed. To the extent the Court disagrees, the deposition of Ms. McGill should take place in Philadelphia, PA. As a general rule, absent special circumstances, the defendant will be examined at his residence or place of business or employment. *See Work v. Bier ("Work II")*, 107 F.R.D. 789, 792-793, n. 4 (D.D.C.). Ms. McGill lives and works in the Philadelphia area,

5

III.    Conclusion

The notices of deposition of Ms. McGill and Dr. Bonner are improper, as they seek discovery that is not permissible in this ERISA action. Likewise, in the absence of a subpoena, the deposition of Dr. Bonner has been improperly scheduled. If the deposition of Karen McGill is ordered to proceed, it should be conducted in Philadelphia, Pennsylvania. Based on the facts and arguments set forth above, Reliance Standard's Motion for Protective Order should be granted.

TAYLOR, SYLLA & AGIN, LLP

BY: _____/s/_____

Jean-Marie Sylla, Jr.
D.C. Bar No. 469371
Attorneys for Defendant
Reliance Standard Life Ins. Co.
1220 Nineteenth Street, NW
  Suite 501
Washington, DC  20036
Telephone: 202.689.8990
Facsimile: 202.689.8998

Date: March 10, 2006

6

## CERTIFICATE OF SERVICE

The undersigned counsel for Reliance Standard Life Insurance Company hereby certifies that a true and correct copy of its Motion for Protective Order, supporting memorandum of law and proposed order were served on the following counsel of record, via ECF notification (or alternatively by U.S. Mail, postage pre-paid if not an ECF participant, addressed as follows:

> Dawn E. Boyce, Esquire
> Steven W. Bancroft, Esquire
> Trichilo, Bancroft, et al.
> 3920 University Drive
> Fairfax, VA 22030-0022

BY: _____/s/_____

Jean-Marie Sylla, Jr.
Attorneys for Defendant
Reliance Standard Life Ins. Co.

Date: March 10, 2006