**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW S. ANDERSON, Ph.D., M.D. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No: 1:05-cv-1342 PLF DAR |
| | * | |
| RELIANCE STANDARD LIFE | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

**OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

COMES NOW Plaintiff, Andrew S. Anderson, Ph.D., M.D., by counsel, and files his

Opposition to Defendant's Motion for Protective Order to prevent the depositions of

Charles H. Bonner, M.D. and Karen McGill.

In support of his Opposition, Plaintiff submits his Memorandum of Points and

Authorities in Support, which is filed contemporaneously herewith.

**ANDREW S. ANDERSON, Ph.D., M.D.**
By Counsel

TRICHILO, BANCROFT, McGAVIN,
  HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile

_____
Dawn E. Boyce, Esquire
D.C. Bar No. 440010
Steven W. Bancroft, Esquire
Counsel for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW S. ANDERSON, Ph.D., M.D. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No: 1:05-cv-1342 PLF DAR |
| | * | |
| RELIANCE STANDARD LIFE | * | |
| INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**OPPOSITION TO MOTION FOR PROTECTIVE ORDER**

IN SUPPORT of plaintiff's opposition to defendant's Motion for Protective Order,

he states as follows:

**INTRODUCTION**:

This case involves a dispute between the parties regarding a decision by Reliance

Standard Life Insurance Company to discontinue long-term disability benefits.  At the

onset of this case, plaintiff and defense counsel discussed the plaintiff's position that

discovery would be taken, including the deposition of Dr. Bonner.  This intention is clearly

set forth in the report to court for initial scheduling conference submitted on October 13,

2005.  The defendant misstates the sequence with regard to the scheduling of the

depositions.  In fact, plaintiff's counsel contacted defense counsel with regard to the

scheduling of the depositions at a mutually agreeable date.  Defense counsel took the

unilateral position that no discovery was allowed in this case and therefore would not

cooperate with regard to the scheduling of the depositions.  It was only after the defense

counsel refused to provide dates or assist in the scheduling of the deposition of Dr.

Bonner that plaintiff's counsel coordinated Dr. Bonner's deposition with his scheduling assistant directly and noticed the deposition. At the defendant's request, the depositions were cancelled to provide Reliance Standard an opportunity to file this motion.

Although defense counsel has indicated that he would be filing a motion for the court to consider the appropriate standard on review by this court, this motion has not been filed. Defense counsel assumes for the purposes of the motion for protective order that the review will be abuse of discretion and not *de novo*. There is no question that under *de novo* review, discovery is allowed. Even assuming for the purposes of argument that the court will concur that the standard is abuse of discretion, the plaintiff submits that the depositions are proper to ascertain what was considered by Reliance Standard Life Insurance Company in reaching its conclusion that the plaintiff was no longer disabled and whether the administrative record which was submitted is complete.

In support of these contentions, the plaintiff submits that with regard to Dr. Bonner, the administrative record makes clear that there was a dispute as to whether or not Dr. Bonner actually examined Dr. Anderson before rendering an opinion with regard to his disability. It is further noted that Dr. Bonner references and details medical records which were not produced with the administrative record. If these records are part of the administrative record, then plaintiff's counsel is entitled to them, and the court is entitled to the benefit of the complete record in making a determination on review. Dr. Bonner, for example, references medical treatment at U.Va. medical facility, however, no medical records from that facility are included in the administrative record, which has been produced by counsel for the defendant. It is further noteworthy that Dr. Bonner initially

found Dr. Anderson to be disabled, but after further communication with Reliance, reversed his decision without further physical examination. The communications which took place, the information upon which he relied and which should have been produced as part of the record are relevant in a determination even under the lesser standard of abuse of discretion.

With regard to Karen McGill, she has been identified as key to the decision making process. Whether Ms. McGill had appropriate information before her and in fact had a complete file to render decisions with regard to Dr. Anderson's capacity is subject to discovery. In this case, prior to filing suit, the administrative record was requested. Subsequent to filing suit, the administrative record was produced by defense counsel. The records produced do not match in entirety. In fact, the records produced by defense counsel reflect approximately 50 additional pages of documents. Even with the addition of these documents, the records do not reflect all the medical records that Dr. Bonner says that he had available to review, at the time of his initial assessment of disability. The administrative record also reflects that Ms. McGill may have relied upon the testimony of Dr. Hauptman, who has been found by another court to be an advocate on behalf of Reliance. *See Conrad v. Reliance Standard Life Ins. Co.*, 292 F.Supp. 233 (D. Mass. 2003). The degree of this reliance is important for the court's consideration on review.

Further, although a policy of insurance was produced, at about the time of the filing of this motion for protective order, a new policy of insurance was produced by defense counsel. Contrary to the assertion in the motion for protective order that the authenticity of the policy was questioned by plaintiff's counsel, no such contest occurred. Plaintiff's

counsel believed that she had in her possession the actual policy which governed Dr. Anderson. When new counsel came into the case for Reliance, it apparently came to the defense's attention that the policy that it had produced, and which may have been the policy relied upon by Ms. McGill, was not the policy that was in force at the time of Reliance's determination to terminate benefits.

It is the plaintiff's position that the court should allow the depositions, even under a limited standard of review by the court, to determine what was relied upon and what was in the possession of Reliance Insurance Company when it reached its determination. Only with complete information as to what the administrative record entails and what was relied upon in terms of communications which may not be reflected in those records, can the court make a fair and just determination of this matter.

1.      **The deposition of Dr. Bonner was properly noticed and his testimony is relevant and of great importance in this case.**

Charles H. Bonner, M.D. examined plaintiff upon request and compensation of defendant for a determination of plaintiff's physical impairment. Initially, Dr. Bonner found the plaintiff to be disabled. After subsequent communication with Reliance, Dr. Bonner reversed his disability determination. Defendant relied on Dr. Bonner's diagnosis that plaintiff was not physically impaired. Plaintiff seeks to depose Dr. Bonner to investigate the basis for his conclusion, the records in his possession, and the source of his information. The accuracy of his medical recitation is questionable, and he refers to records not in the "administrative record" produced by defendant.

-4-

Defendant requests the Court enter a protective order preventing plaintiff's opportunity to depose Charles H. Bonner, M.D. for two reasons: 1) plaintiff improperly noticed Dr. Bonner for the deposition; and 2) Dr. Bonner's testimony is irrelevant to this litigation.

Plaintiff did not subpoena Dr. Bonner for the deposition because plaintiff's counsel contacted his office and scheduled his deposition at a time agreeable to the doctor. Dr. Bonner's office indicated that he would voluntarily appear for the deposition. If Dr. Bonner now prefers to be subpoenaed, a subpoena can be issued.

As to defendant's second argument, the plaintiff should not be deprived of the opportunity of taking Dr. Bonner's deposition because it is believed he has relevant testimony in this case as to the content of the administrative record and what may have been in that record at the time Reliance Standard made its final benefit determination. Defendant cites case law for the proposition that a fiduciary's decision making process in making a determination of benefits should not be investigated. *E.g. Hunter v. Metro Life Ins. Co.,* 2002 U.S. Dist. Lexis 26615 (D.D.C. 2002); *Perlman v. Swiss Bank Corp. Comprehensive Disability Protection Plan*, 195 F.3d 975 (7th Cir. 1999). However, as indicated in *Perlman*, this limitation has been implemented where there is no dispute that the administrator did what she claimed to do and that a genuine evaluation occurred. This is not the case here. Plaintiff is seeking to depose Dr. Bonner to ascertain the information relied upon and the source of this information. As stated above, defendant retained the professional services of Dr. Bonner for the purpose of conducting an independent examination to determine plaintiff's disability. Dr. Bonner lists medical treatment plaintiff

disputes and medical records, presumably submitted by Reliance or its agents, that are not in the administrative file. Dr. Bonner, months after the initial consultation, reverses himself and finds the plaintiff able to perform his occupation. To the extent communications were made with Dr. Bonner that should be reflected in the administrative record, they should be made available to the court and plaintiff for review. Defendant used Dr. Bonner's findings in its determination to deny plaintiff's benefits.

Courts have permitted the deposition of physician in benefits determination cases, like the one at bar. *See Hendrix v. Standard Ins. Co.,* 1999 U.S. App. Lexis 9777 (9th Cir. 1999) (allowed as to matters not beyond the administrative record) *citing Barnett v. Kaiser Foundation Health Plan*, 32 F.3d 413, 416-417 (9th Cir. 1994) (permitting doctor to testify at deposition and trial concerning medical criteria relied upon by the decision maker). "The basic requirements of 'full and fair review' include knowing what evidence the decision maker relied upon, having an opportunity to address the accuracy and reliability of that evidence, and having the decision maker consider the evidence presented by both parties prior to reaching and rendering the decision." *Miller v. United Welfare Fund*, 851 F.Supp. 71, 74 (E.D. NY 1994) vacated on other grounds 72 F.3d 1066 (2nd Cir. 199), quoting *Grossmuller v. International Union*, 715 F.2d 853, 858 Note 5 (3rd Cir. 1983). Thus, even under an arbitrary and capricious standard, limited discovery is appropriate to determine the exact nature of the information considered by the fiduciary and whether the fiduciary was competent to evaluate the information in the administrative record. *See Nagele v. Electronic Data Systems Corp.*, 193 F.R.D. 94 (W.D. NY 2000); *see also Ardolina v. Metropolitan Life Insurance Company*, 2001 U.S. Dist. Lexis 14318 (D.C.

Mass. 2001) (limited discovery under abuse of discretion standard appropriate). Here, there is a material dispute with regard to what was in the administrative record at the time the decision making occurred, given inconsistencies between the records available to Dr. Bonner and those produced in either of the two sets of documents purported to be the administrative record produced by the defendant in this case. Further, Dr. Bonner's change in opinion months after his initial finding of disability warrants discovery as to whether or not there is bias or whether there are other communications contained within the administrative record not produced. If Dr. Bonner had records that were not available to the administrator, and the administrator is aware of such records but did not seek to review them or have them assessed by the other examiners, this is information for the court to consider in determining whether or not the administrator acted arbitrarily and capriciously.

**2.       The deposition of Karen McGill should be permitted.**

As set forth above, there is a material dispute as to what comprises the administrative record, what was relied upon by Reliance, what was provided to the medical providers upon whom Reliance relied in reaching its determination to terminate benefits, and even as to which policy was available, and part of the record, at the time the decision was made. Under these circumstances, the plaintiff submits that based upon the foregoing cited cases, the deposition should be allowed of Karen McGill to determine the records relied upon, the composition of the actual administrative record, and whether or not all communications and medical records produced are reflected in the administrative record produced. Further, as a representative of the defendant, the plaintiff submits that Ms. McGill should appear locally for deposition.

Defendant provides no factual or legally valid reason to prevent plaintiff from taking the deposition of Karen McGill.  Ms. McGill is an employee of defendant and made the benefits determination in this case as claims examiner.

Defendant's reliance upon *Work v. Bier*, 107 F.R.D. 789 is misplaced.  In the *Work* case, plaintiffs were attempting to force a sick witness from his home in Germany into the District of Columbia for his deposition.  An example provided by the Magistrate Judge of "special circumstances" referenced in the decision was "an impoverished plaintiff and a very affluent defendant."  Ms. McGill is a representative of the defendant insurance company and has direct and personal knowledge as claims examiner about defendant's refusal of plaintiffs benefits in this case.  It would be unjust to require plaintiff to travel to Philadelphia.  Defendant would undoubtedly pay its agent's expenses to give testimony in this case.  It would be further inequitable to require every plaintiff suing for his or her rights under a policy of insurance to travel to the residence or business location of the insurance companies' claims examiners in order to conduct discovery as to why those claims have been denied.

The judge in *Work* went on to reason that in that case, there were substantial corporations on both sides in the litigation and thus no special allowance for financial condition needed to be made as to either of them.  *Id.* at 793 n.4.  This is not the case in this lawsuit.  Here, the defendant is the substantial corporation and  plaintiff is an individual. It would a much greater hardship upon plaintiff to travel outside this jurisdiction that for the corporate employee to come to the District of Columbia.

-8-

WHEREFORE and in consideration of the above, plaintiff respectfully requests that

defendant's Motion for Protective Order be denied and for any additional relief the Court

deem appropriate.

**ANDREW S. ANDERSON, Ph.D., M.D.**
By Counsel


TRICHILO, BANCROFT, McGAVIN,
 HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile



_____
Dawn E. Boyce, Esquire
D.C. Bar No. 440010
Steven W. Bancroft, Esquire
Counsel for Plaintiff