IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW S. ANDERSON, Ph.D., M.D. | * |
| Plaintiff, | * |
| v. | * Civil Action No: 1:05-cv-1342 PLF DAR |
| RELIANCE STANDARD LIFE INSURANCE COMPANY | * |
| Defendant. | * |

**PLAINTIFF'S STATEMENT OF DISPUTED FACTS**

COMES NOW the Plaintiff Andrew Anderson and by counsel, states for his disputed facts in opposition to the Defendant's motion for summary judgment the following[1]:

1) There is a factual dispute as to whether Dr. Anderson's incapacity due to reflex sympathetic dystrophy ("RDS") qualifies Dr. Anderson to meet the definition of total disability under the policy of insurance.

2) There is a factual dispute as to which policy of insurance the Defendant used to make the decision to deny benefits to Dr. Anderson. (See Attachment A; Affidavit and exhibits).

3) There is a factual dispute as to whether the Defendant as plan administrator and fiduciary has a conflict of interest.

---

[1] As required by Local rule 7(h) the Plaintiff can not refute the undisputed facts because the Defendant has failed to assert which facts are undisputed. However, the facts listed represent what the Plaintiff believes to be some but not all of the disputed facts in this case. Citation to the record may not always be possible because the Plaintiff does not know what facts the Defendant are relying upon as undisputed, therefore Plaintiff can not cite to the record to demonstrate that the facts are in dispute. By listing out these facts Plaintiff in no way waives its objection to Defendant's local rule violation.

1

4) There is a factual dispute as to the completeness of the administrative record. Plaintiff has received two separate and distinct copies of the alleged administrative record. Id. Further, medical records from U.Va. and Dr. Newell which are referenced in the record are not included in the record. See AR 56, 97 for references to the records. The actual records were not provided.

5) There is a factual dispute as to whether the Defendant had any undue influence on Dr. Bonner's decision to reverse his opinion regarding Dr. Anderson's disability.

6) The Defendant denied Dr. Anderson's claim for long-term disability but agreed to waive the premium as long as Dr. Anderson was met the definition of total disability. (AR 42, 132). This conflict in results creates a factual dispute regarding the reasoning behind the denial of benefits.

                                                **ANDREW S. ANDERSON, Ph.D., M.D.**
                                                By Counsel

TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030-0022
(703)385-1000 Telephone
(703)385-1555 Facsimile

Steven W. Bancroft, Esquire
Dawn E. Boyce, Esquire
D.C. Bar No.: 440010
Counsel for Plaintiff

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing *Plaintiff's Statement of Disputed Facts* was sent electronically on this 8th day of May, 2006, to:

Jean-Marie Sylla, Jr.
Taylor, Sylla & Agin, LLP
1220 Nineteenth Street, N.W., Suite 501
Washington, D.C. 20036

and mailed first class, postage prepaid on this 8th day of May, 2006, to:

Heather Holloway, Esquire
Rawle & Henderson, LLP
One South Penn Square
The Widener Buildling, 16th Floor
1339 Chestnut Street
   Philadelphia, PA 19107

_____
Dawn E. Boyce, Esquire

3